IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERK WIPER INTERNATIONAL, LLC,** f/k/a BERK WIPER CONVERTING, LLC<br>Plaintiff,<br><br>v.<br><br>**RANDY WITTENBERG, et al.,**<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>No.  12-CV-5698 |

## ORDER

**AND NOW**, this 8th day of July, 2013, upon consideration of Plaintiff's Motion for Default Judgment (Doc. No. 7), and the supplemental declaration submitted in response to the Court's Order of June 17, 2013 (Doc. No. 9), the Court finds as follows:

1. On October 5, 2012, Plaintiff, Berk Wiper Internal, LLC ("Berk Wiper") filed its complaint alleging claims for trademark infringement, false designation of origin, breach of contract and tortious interference with actual and prospective business relations against Defendant Randy Wittenberg.  Plaintiff alleges that it is the owner of the word marks CHEF'S CHOICE, CHEF'S SELECT, CUT N DRY, or ONE PULL, and that Defendant, one of Plaintiff's former salesmen, sold products using Plaintiff's marks after he left Plaintiff's company.  Plaintiff asserted that Defendant's actions were undertaken willfully and intentionally, and continued even after Plaintiff had sent two cease-and-desist letters.  (Compl., Doc. No. 1, ¶¶ 5-21.)  Attached to Plaintiff's complaint are three United States Trademark Applications which appear to show that Plaintiff owns the marks at issue.  (Compl., Exs. A-C.)

2. On October 10, 2012, service of process was effectuated on Defendant, Randy Wittenberg. (Doc. No. 4.)

3. After the time for Defendant to file a responsive pleading under Rule 12 of the Federal Rules of Civil Procedure had elapsed, and upon Plaintiff's request, the Clerk of Court entered default against Defendant on December 10, 2012. (Doc. No. 5.)

4. On January 28, 2013, Plaintiff filed a Motion for Default Judgment. (Doc. No. 7.) As of this date, the Court has not received any response or opposition to this motion from Defendant.

5. On June 28, 2013, Plaintiff filed a supplemental declaration stating under penalty of perjury that Defendant is neither a minor, mentally incompetent nor currently in the active duty of any branch of the United States Armed Services. (Doc. No. 9.)

**WHEREFORE**, it is hereby **ORDERED** that:

I. Plaintiff's Motion for Default Judgment (Doc. No. 7) is **GRANTED.**[1]

---

[1] A district court must consider three factors when deciding a motion for default judgment: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether the defendant's delay is due to culpable conduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). The court accepts as true any factual allegations in the complaint, except those relating to damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Here, the Chamberlain factors support a grant of default Judgment against Defendant. In its complaint, Plaintiff asserts that Defendant has been deliberately using its trademarks without permission to sell products in direct competition with Plaintiff's products. The facts alleged in the complaint, if true, establish infringement of Plaintiff's trademarks, unlawful competition, breach of contract and interference with Plaintiff's contractual relationships. Plaintiff has not other means of protecting its registered marks, and would be prejudiced if judgment is not entered. We interpret Defendants' failure to file any responsive pleadings to mean that they have no litigable defenses to Plaintiffs' claims. Finally, we find that Defendant's silence is due to culpable conduct as the docket indicates that he was properly served.

II. **DEFAULT JUDGMENT** is entered against Defendant, Randy Wittenberg, d/b/a Madison West Professional, d/b/a/ Global Wiping Converting, d/b/a Global Wiping, d/b/a Global Wiping Converting and Packaging, d/b/a Global Wiping Converting and Packaging, LLC, d/b/a Global Wiping Solutions, and d/b/a Global Wiping Solutions, Inc., in the amount of **$14,261.60**.[2]

III. Defendant, his officers, agents, servants, employees, attorneys, parents, affiliates, related companies, and all persons acting for, with, by, or through him, are **ENJOINED** from:

   A. using or causing any other person to use in any manner the word marks CHEF'S CHOICE, CHEF'S SELECT, CUT N DRY, or ONE PULL, or any portions or formatives thereof, or any other mark likely to cause confusion therewith, in connection with the promotion and sale of Defendant's products;

   B. using or causing any other person to use in any manner the word marks CHEF'S CHOICE, CHEF'S SELECT, CUT N DRY, or ONE PULL, or any portions or formatives thereof, or any other mark likely to cause confusion therewith, in such a manner that is likely to create the erroneous belief that Defendant's products or any other products are manufactured by, authorized by, sponsored by, licensed by, or in some way associated or affiliated with Plaintiff;

---

[2] This amount is for Plaintiff's attorneys' fees and costs, as set forth in counsel's declaration. (See Mot. Ex. A, Doc. No. 7-2.) The Court concludes that an award of attorneys' fees and costs is appropriate in that the facts alleged in the complaint, taken as true, establish that this is an "exceptional case" of willful and deliberate infringement. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 280-82 (3d Cir. 2000) (quoting Ferrero U.S.A., Inc. v. Ozak Trading, Inc., 952 F.2d 44, 47 (3d Cir. 1991) (exceptional cases involve "'culpable conduct on the part of the losing party, such as bad faith, fraud, malice, or knowing infringement.'").

C. publishing, using, or causing any other person to publish or use any web site pages, advertising or any other promotional materials or Internet code words, including titles, metatags, keywords, and scripts that use in any manner the word marks CHEF'S CHOICE, CHEF'S SELECT, CUT N DRY, or ONE PULL, or any portions or formatives thereof, or any other mark likely to cause confusion therewith so as to create a likelihood of confusion, mistake or deception;

D. using or causing any other person to use in any manner the word marks CHEF'S CHOICE, CHEF'S SELECT, CUT N DRY, or ONE PULL, or any portions or formatives thereof, or any other mark likely to cause confusion therewith, in any domain name, URL, or portion or formative thereof;

E. otherwise engaging in any other acts or conduct which would cause the erroneous belief that products sold by Defendant are manufactured by, authorized by, sponsored by, licensed by, or in some way associated or affiliated with Plaintiff;

F. further breaching the Non-Disclosure Agreement (Compl., Ex. H); and

G. further interference with Plaintiff's prospective and existing contractual relations.

**BY THE COURT:**

**/s/ Mitchell S. Goldberg**

**Mitchell S. Goldberg, J.**